UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND,

                                              Plaintiffs,

-against-

A D F DESIGNS, INC., ELITE WOODCRAFT INSTALLATIONS, LTD., MVRC LEASING CORP., and MID-ORANGE PROPERTIES CORP.,

                                              Defendants.

18 CV _____

**COMPLAINT**

---

Plaintiffs, Trustees of the New York City District Council of Carpenters Pension Fund, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action by the trustees of a multiemployer pension plan to collect employer withdrawal liability under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, as amended by the Multiemployer Pension Plan Amendments Act of 1980, Pub. L. No. 96-364, 94 Stat. 1208.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to section 4301(c) of ERISA, 29 U.S.C. § 1451(c).

3. Venue is proper in this judicial district pursuant to section 4301(d) of ERISA, 29 U.S.C. § 1451(d).

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension Fund (the "Fund") are employer and employee trustees of a multiemployer labor-management trust fund organized and operated in accordance with ERISA. The Trustees are fiduciaries of the Fund within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Fund is an employee benefit plan within the meaning of section 3(2) of ERISA, 29 U.S.C. § 1002(2), and is administered at 395 Hudson Street, New York, New York 10014.

5. Defendant A D F Designs, Inc. ("ADF") is a corporation organized under the laws of the State of New York. At all relevant times, Anthony Rizzo owned 66.67% of ADF's stock, and his sister, Marie Rizzo, owned 33.33% of ADF's stock. ADF's most recent known principal place of business was located at 26 Scotchtown Collabar Road, Middletown, New York 10941.

6. Defendant Elite Woodcraft Installations, Ltd. ("Elite") was a corporation organized under the laws of the State of New York. At all relevant times, Victor Cioffi (who at all relevant times was married to Marie Rizzo) owned at least 80% of Elite's stock. Elite's most recent known principal place of business was located at 72 Brookfield Road, Mount Vernon, New York, 10552.

7. Defendant MVRC Leasing Corp. ("MVRC") is a corporation organized under the laws of the State of New York. At all relevant times, Anthony Rizzo owned 33.34% of MVRC's stock, Marie Rizzo owned 33.33% of MVRC's stock, and Victor Cioffi owned 33.33% of MVRC's stock. MVRC's most recent known principal place of business was located at 1185 Commerce Avenue, Bronx, New York 10462.

8.      Defendant Mid-Orange Properties Corp. ("Mid-Orange") is a corporation organized under the laws of the State of New York. At all relevant times, Anthony Rizzo owned 73.5% of Mid-Orange's stock, and Marie Rizzo owned 26.5% of Mid-Oranage's stock. Mid-Orange's most recent known principal place of business was located at 1185 Commerce Avenue, Bronx, New York 10462.

## CLAIM FOR RELIEF

9.      Plaintiffs repeat the allegations set forth in paragraphs 1 through 8 above and incorporate them herein by reference.

10.     Rimi Woodcraft Corp. ("Rimi") is a corporation organized under the laws of the State of New York. At all relevant times, Anthony Rizzo owned 61.75% of Rimi's stock, Marie Rizzo owned 33.25% of Rimi's stock, and five other members of their family each owned 1% of Rimi's stock. Rimi's most recent known principal place of business was located at 1185 Commerce Avenue, Bronx, New York 10462.

11.     For many years, Rimi was a party to, or manifested an intention to be bound by, a series of collective bargaining agreements with the New York City District Council of Carpenters. The collective bargaining agreements required Rimi to make specified contributions to the Fund for each hour of specified categories of work.

12.     In May 2017, Rimi ceased operations and filed for bankruptcy.

13.     At all relevant times, Rimi and certain of its affiliates, including all of the Defendants (collectively, the "Rimi Controlled Group"), were trades or businesses under common control with each other, within the meaning of 29 U.S.C. § 1301(b)(1). Rimi is not named as a defendant in this case because it is protected by the automatic stay under section 362 of the Bankruptcy Code, 11 U.S.C. § 362.

14.     By letters dated January 9, 2018 (the "Assessment"), pursuant to sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1), the Fund notified Defendants of the Fund's determination that the Rimi Controlled Group completely withdrew from the Fund when the Rimi Controlled Group permanently ceased all covered operations under the Fund effective May 22, 2017.

15.     The Assessment notified Defendants that the Rimi Controlled Group's withdrawal from the Fund had created withdrawal liability in the amount of $9,330,147, and that Defendants and all other members of the Rimi Controlled Group were jointly and severally liable to the Fund for that amount.

16.     The Assessment required Defendants to pay their withdrawal liability and interest thereon in 14 equal quarterly installments in the amount of $698,704.25, starting March 1, 2018, followed by a final payment, due June 1, 2022, in the amount of $561,760.68.

17.     Defendants failed to make the first required quarterly installment payment in the amount of $698,704.25.

18.     Pursuant to sections 502(g)(2), 515, and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145, and 1451(b), and the applicable regulations of the Pension Benefit Guaranty Corporation, including 29 C.F.R. § 4219.32, and pursuant to the documents and instruments governing the Fund, Defendants are liable to the Fund for the delinquent installment payment in the amount of $698,704.25, interest thereon in the amount of $4,250.84 (calculated at the rate of 4.4% per annum from March 1-31, 2018, and at the rate of 4.58% per annum from April 1-19, 2018), liquidated damages in the amount of $139,740.85 (representing 20% of the amount of the delinquent installment), attorneys' fees, and costs.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Render judgment in favor of Plaintiffs against Defendants, jointly and severally, in the amount of $842,695.94, plus all additional withdrawal liability payments, interest, and liquidated damages that become due while this action is pending;

2. Award Plaintiffs the reasonable attorneys' fees and costs incurred by them in prosecuting this action; and

3. Award Plaintiffs such further legal, equitable, or other relief as is just and proper.

Dated: New York, New York         Respectfully submitted,
April 19, 2018

VIRGINIA & AMBINDER, LLP

By: /s/ *Marc A. Tenenbaum*
Marc A. Tenenbaum
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080

*Counsel for Plaintiffs*